IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                           Criminal Action No. 3:09-cr-283

CORBIN ALEXANDER DICKERSON,
            Petitioner.

## OPINION

Corbin Alexander Dickerson, a federal inmate proceeding with counsel, asks the Court to reconsider its decision to deny his 28 U.S.C. § 2255 motion, arguing that the Court wrongly considered Hobbs Act robbery as the predicate "crime of violence" for his conviction under 18 U.S.C. § 924(c). Because Dickerson has not presented any meritorious grounds to reconsider the Court's decision denying his § 2255 motion, the Court will deny his motion to alter or reconsider.[1]

## I. BACKGROUND

On August 17, 2009, a grand jury returned an indictment charging Dickerson with conspiracy to obstruct, delay, and affect commerce by robbery ("conspiracy to commit Hobbs Act robbery"), in violation of 18 U.S.C. § 1951(a) (Count One); four counts of robbery affecting commerce ("Hobbs Act robbery"), in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts Two, Three, Six, and Ten); using, carrying, and possessing a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count Seven); bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2 (Count Nine); and possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d) (Count Eleven). (Dk. No. 1.) The "crime of violence" underlying Count Seven was

---

[1] Because the Court will deny the motion on other grounds, it need not reach the issue of timeliness or procedural default.

conspiracy to commit Hobbs Act robbery and Hobbs Act robbery allegedly committed on March 28, 2009.[2] Dickerson pled guilty to Counts Seven, Nine, and Ten. On January 21, 2010, the Court sentenced Dickerson to a total of 121 months imprisonment. (Dk. No. 63.)

On June 23, 2016, Dickerson filed a motion challenging his conviction under 28 U.S.C. § 2255, arguing that *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidates his conviction under § 924(c). The Court held the motion in abeyance pending decisions from the Supreme Court in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and the Fourth Circuit in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019). In June, 2019, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019). Following the Supreme Court's decision in *Davis*, the Court denied Dickerson's § 2255 motion. (Dk. Nos. 84, 85.) Dickerson has now moved to alter or reconsider the Court's decision to deny Dickerson's motion pursuant to Federal Rule of Civil Procedure 59(e).

## II. DISCUSSION

The Fourth Circuit "recognize[s] three grounds for amending an earlier judgment" under Federal Rule of Civil Procedure 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).[3] Dickerson contends that, because the plea agreement did not specifically state which charge served as the predicate offense for Dickerson's § 924(c) conviction, the Court erroneously concluded that his conviction was predicated on Hobbs Act robbery.

---

[2] Specifically, the indictment alleged that Dickerson used, carried, and possessed a firearm in relation to the "Conspiracy to Obstruct, Delay[,] and Affect Commerce by Robbery as Charged in Count One . . . and Interference with Commerce by Robbery, as charged in Count Six." (Dk. No. 1, at 9.)

[3] The Court understands Dickerson to seek relief under the first and third grounds.

2

First, neither *Davis* nor *Simms* constitutes an intervening change in controlling law. When the Court held that Hobbs Act robbery qualified as a valid predicate offense to uphold Dickerson's § 924(c) conviction, it explained that "[t]he Fourth Circuit's decision in *Simms* and the Supreme Court's decision in *Davis* [did] not alter this conclusion." (Dk. No. 84, at 4.) Thus, the Court considered the legal significance of *Davis* and *Simms* when it rendered its initial decision. *Cf. Huff v. Attorney Gen. of Va.*, No. 3:08cv257, 2009 WL 1160174, at *1 (E.D. Va. Apr. 28, 2009) ("Rule 59(e) motions may not be used to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance.").

Second, Dickerson appears to argue that the Court committed a clear error of law. The indictment predicated Dickerson's § 924(c) charge on Hobbs Act robbery—a valid predicate offense—and conspiracy to commit Hobbs Act robbery—an invalid predicate offense.[4] Dickerson's plea agreement, however, provides that "Count Seven charges that the defendant knowingly and willfully aided and abetted the knowing, intentional[,] and unlawful possession and brandishing of a firearm in furtherance of a crime of violence." (Dk. No. 36, at 1.) Because it does not specify which predicate offense supported the § 924(c) charge, Dickerson argues that the Court must assume that his "§ 924(c) conviction was predicated on the least serious of the two offenses—which is Hobbs Act conspiracy." (Dk. No. 86, at 9.) Thus, he contends that the Court erred by relying on the substantive Hobbs Act robbery predicate when denying his § 2255 motion.

---

[4] *Compare United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), *cert. denied sub nom. Uhuru v. United States*, 140 S. Ct. 639 (2019), *and cert. denied sub nom. Stokes v. United States*, 140 S. Ct. 640 (2019) ("Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)."), *with Simms*, 914 F.3d at 233-34 (holding that conspiracy to commit Hobbs Act robbery does not categorically qualify as a crime of violence under the elements clause).

3

The record does not establish that the government intended to narrow or amend the predicate offenses supporting Count Seven in the indictment through the plea agreement.[5] Indeed, confronted with similar facts, this Court has previously looked to the predicate offenses included in the indictment when the plea agreement did not specify the predicate offenses for the § 924(c) charge.[6] Here, the indictment predicated the § 924(c) charge on substantive Hobbs Act robbery, a valid crime of violence, in addition to conspiracy to commit Hobbs Act robbery.[7] Dickerson admitted to using, carrying, possessing, or brandishing a firearm during the March 28, 2009 Hobbs Act robbery in the statement of facts, which the parties incorporated into the plea agreement.[8] The Court's ruling, therefore, does not constitute a clear error of law.

Nevertheless, whether the Court must vacate a § 924(c) conviction based on an indictment that charged both a valid and invalid predicate offense remains an open question. The U.S. Court

---

[5] *Cf. United States v. White*, No. 3:08cr171, 2019 WL 4675370, at *4 (E.D. Va. Sept. 25, 2019), *judgment corrected*, No. 3:08cr171, 2020 WL 591434 (E.D. Va. Feb. 6, 2020) (granting relief because the plea agreement specified conspiracy to commit Hobbs Act robbery as the predicate offense for the § 924(c) charge and omitted the other, valid predicate offenses included in the indictment).

[6] *See United States v. Taylor*, No. 3:08cr326-MHL, 2019 WL 4018340, at *4-5 (E.D. Va. Aug. 26, 2019), *appeal docketed*, No. 19-7616 (4th Cir. Oct. 31, 2019); *United States v. Doyle*, No. 2:18cr177, 2019 WL 3225705, at *3-4 (E.D. Va. July 17, 2019); *cf. United States v. Hare*, 820 F.3d 93, 105-06 (4th Cir. 2016) (upholding a § 924(c) conviction predicated on both conspiracy to commit Hobbs Act robbery and a drug trafficking crime).

[7] *See Mathis*, 932 F.3d at 266. Importantly, "a defendant's conviction under § 924(c) 'does not depend on his being convicted—either previously or contemporaneously—of the predicate offense, as long as all of the elements of that offense are proved and found beyond a reasonable doubt.'" *United States v. Hopkins*, 310 F.3d 145, 152 (4th Cir. 2002) (quoting *United States v. Crump*, 120 F.3d 462, 466 (4th Cir. 1997)).

[8] (Dk. Nos. 36, § 3; 37, ¶¶ 1, 8.); *see Larode v. United States*, 356 F. Supp. 3d 561, 567-68 (E.D. Va. 2019) ("What matters . . . is not to which offenses [the defendant] pleaded guilty, but rather to what facts he stipulated in entering his plea and what predicate offenses he committed based on those facts.").

of Appeals for the Fourth Circuit recently granted a certificate of appealability on this issue. *See Taylor*, No. 19-7616 (4th Cir. Feb. 12, 2020) (granting certificate of appealability on "whether an 18 U.S.C. § 924(c) (2018) conviction is subject to vacatur where the indictment charged multiple predicates, one of which is invalid"). Because "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further,'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)), the Court will grant a certificate of appealability.

### III. CONCLUSION

Because Dickerson has not presented any meritorious reason to alter or amend the Court's decision to deny his § 2255 petition, the Court will deny his motion. The Court will grant a certificate of appealability.

An appropriate Order will accompany this Opinion.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 27 February 2020
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

5